

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Oscar Cruz-Barriento

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Oscar Cruz-Barriento" (2009). 2009 Decisions. Paper 1681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2117

_____

UNITED STATES OF AMERICA

v.

OSCAR CRUZ-BARRIENTOS,
                                                Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 2-07-cr-00997-0001)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2009
Before:   BARRY, WEIS and ROTH, Circuit Judges.

(Filed: March 26, 2009)
_____

OPINION

_____

WEIS, Circuit Judge.

        Defendant was convicted of illegally re-entering the United States after

1

having been convicted of an aggravated felony and having been deported in violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to a term of 41-months imprisonment, at the bottom of the applicable Guidelines range.

At the sentencing hearing, defendant requested a variance based in part on the severity of conditions in the Passaic County jail where he was confined for some months while awaiting sentencing. In addition, he relied on his family ties and his exemplary conduct since re-entering the country.

On appeal, defendant contends that the District Court committed procedural errors in sentencing and imposed a substantively unreasonable sentence.

We conclude that the District Court did not err procedurally. Although the Court used the word "policy" when discussing the defendant's incarceration at the Passaic County jail, we are convinced that the Court adequately considered all of the factors listed in 18 U.S.C. § 3553(a) before imposing the sentence, see United States v. Williams, 458 F.3d 312, 320-21 (3d Cir. 2006) ("[u]nless a judge employs a personal sentencing policy . . . rather than individually considering the facts of each case, a judge may be less lenient towards certain types of crimes") (internal citations omitted), and exercised its discretion in denying a variance. Our review of the record satisfies us that the Court also sufficiently explained its sentencing decision, including its reasons for denying defendant the requested variance. See United States v. Levinson, 543 F.3d 190, 196-97 (3d Cir. 2008) (district courts must consider all nonfrivolous arguments of the defendant and

government and sufficiently explain the sentencing decision).

Defendant presents a sympathetic case, but we are not free to re-sentence him. The Guidelines range, although not conclusive, represents a considered view of the appropriate punishment for the violation of the law. See Rita v. United States, 127 S.Ct. 2456, 2465 (2007) (the Guidelines reflect the United States Sentencing "Commission's . . . judgment as to what is an appropriate sentence for a given offender"). Under our deferential standard of review, we do not conclude that a 41-month term of imprisonment is substantively unreasonable. See United States v. Greenidge, 495 F.3d 85, 102 (3d Cir. 2007) (review for substantive reasonableness "is to a great degree deferential") (internal punctuation omitted).

Accordingly, we will affirm the Judgment of the District Court.